Appellant Maurice Mitchell pleaded guilty to burglary in the third degree. He was sentenced to ten years' imprisonment, with the first twelve months to be served and the balance suspended.
Appellant was released from custody on July 15, 1983. On August 19, 1983, a Supervisor's Report on Delinquent Probationer was filed in which it was stated that Mitchell had been arrested and charged with the offense of burglary. The report also stated that appellant had given a statement to police authorities admitting his guilt.
On October 11, 1983, a probation revocation hearing was held at the conclusion of which appellant's probation was revoked. Since we have decided to reverse this case based on the third issue raised by appellant, we will discuss only that issue in depth.
Appellant contends there was insufficient evidence "to reasonably satisfy the court of the violation of the conditions of probation". Mitchell further states that the use of hearsay evidence denied him his right to confront and cross-examine adverse witnesses.
Two witnesses testified for the State at the hearing. The first was Billy Cockes, Mitchell's probation officer. He testified about information he received from the Decatur Police Department concerning a burglary charge made against the appellant. The witness's written report concerning that charge was introduced into evidence at the hearing. Officer Cockes testified that his report stated that a vehicle belonging to Byron Vann was entered by a black male, and a briefcase was stolen. A witness observed the incident and called the police, who responded within fifteen minutes. The appellant was taken into custody and, according to the witness, Mitchell "reportedly admitted his guilt to arresting officers". The witness testified that he had no personal knowledge of the incidents recorded in the report.
The State's next witness, Gregory J. Sexton, testified that he was a patrolman with the Decatur Police Department. He stated that on July 27, 1983, he responded to a complaint. When Officer Sexton arrived on the scene, he was told by a man named Byron Vann that the two black males who had broken into the vehicle were walking up Sixth Avenue. The officer testified that another individual, named Mary Cannon, pointed out two black males walking south, and the two men were arrested. One of the arrestees was appellant Mitchell. The officer testified that Mitchell was not questioned on the scene. The witness further stated that he was not present when Mitchell made a statement.
Neither the victim, Byron Vann, nor the witness, Mary Cannon, testified at the hearing.
The law is clear that a probation officer's report standing alone, and with no primary evidence to support it, cannot form the sole evidentiary basis for the revocation of probation. To rely on such evidence *Page 742 
alone denies the probationer the right to confront and cross-examine witnesses. Jenkins v. State, 368 So.2d 329
(Ala.Crim.App. 1979); Hill v. State, 350 So.2d 716
(Ala.Crim.App. 1977).
The question for us in the instant case is, therefore, whether the testimony of Officer Sexton, when added to the evidence revealed by the probation officer's testimony and report, provided sufficient evidence to support Mitchell's probation revocation. It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be "reasonably satisfied from the evidence that the probationer has violated the conditions of his probation".Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
This court has held that "probation cannot be revoked solely upon hearsay evidence". Moore v. State, 432 So.2d 552
(Ala.Crim.App. 1983); Watkins v. State, 455 So.2d 160
(Ala.Crim.App. 1984). The only evidence presented against Mitchell in this hearing was hearsay. Neither the victim, nor any other witness who could have identified the appellant as the perpetrator of the crime, testified. Although Probation Officer Cockes said that his report indicated Mitchell had made an inculpatory statement to police, no other evidence was offered to support this allegation. Officer Sexton was not present when the crime was committed, and he arrested Mitchell solely upon the information given to him by others.
While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205 (Ala.Crim.App. 1983); Free v. State, 392 So.2d 857 (Ala.Crim.App. 1980), writdenied, Ex parte Free, 392 So.2d 859, cert. denied,451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850 rehearing denied,452 U.S. 973, 101 S.Ct. 3129, 69 L.Ed.2d 985 (1981).
As this court has said:
 "If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." Hill, supra.
After carefully examining the evidence presented at appellant's hearing, we must conclude that it was insufficient to support the decision to revoke his probation.
Although we find it unnecessary to rule on the other two issues raised by appellant, we note for the benefit of the lower court that the Supreme Court of Alabama in Armstrong v.State, supra, ruled that a probationer is entitled to "written notice . . . . of the claimed violation of probation", as one of the minimal due process requirements that must be met before probation can be revoked. In the same case the court also mandated that probation cannot be revoked without "a written statement by the judge as to the evidence relied on and reasons for revoking probation". See Joiner v. State, 454 So.2d 1048
(Ala.Crim.App. 1984).
For the reasons cited, we conclude that the decision of the lower court must be reversed and the cause remanded for another hearing.
REVERSED AND REMANDED.
All Judges concur. *Page 743