WISE, Presiding Judge.
 

 On April 7, 2004, the appellant, Thomas Eugene Sturdivant, was convicted of felony driving under the influence (“felony DUI”). The trial court sentenced him to serve a term of ten years in prison, but split the sentence and ordered him to serve seventeen months followed by five years on supervised probation. On March 12, 2007, Sturdivant’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a revocation hearing, the circuit court revoked his probation. This appeal followed.
 

 During the revocation hearing, Randall Estes testified that he was Sturdivant’s probation officer; that the State Probation Office was advised that Sturdivant had been indicted for three counts of first-degree rape and first-degree sexual abuse;
 
 *1174
 
 that the incidents that formed the basis for those charges took place while Sturdivant was on probation; and that Sturdivant was arrested pursuant to the indictment.
 

 L.H. testified that Sturdivant was her sister’s boyfriend; that her sister had a daughter, C.M.; that C.M. lived with her, and she had custody of C.M.; and that C.M. was the victim of the charges for which Sturdivant was indicted. She also testified that C.M. told her that she had been sexually molested and penetrated and that it had happened from June 2005 through June 2006; that C.M. was eleven years old when she told her about the abuse; and that C.M. had been taken to the gynecologist.
 

 Sturdivant argues that the circuit court erroneously revoked his probation based solely upon hearsay.
 

 “ ‘The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation.’
 

 “[Mallette v. State,]
 
 572 So.2d [1316,] 1317 [ (Ala.Crim.App.1990) ]. See also
 
 Ex parte Belcher,
 
 556 So.2d 366 (Ala. 1989) (State’s evidence held insufficient in probation revocation hearing where evidence consisted of probation officer’s testimony that, while on probation, the appellant was charged with a federal offense, i.e., conspiring to possess, with intent to distribute, approximately 1000 pounds of marijuana, and certified copies of the federal charge).
 

 “ ‘[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings.
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Crim.App. 1978),
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support of revoking probation.
 
 Mitchell v. State,
 
 462 So.2d 740 (Ala.Crim.App.1984).
 

 “ ‘Although probation is a “privilege” and not a right,
 
 Wray v. State,
 
 472 So.2d 1119 (Ala.1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in
 
 Armstrong v. State,
 
 supra.
 

 “ ‘... While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different,
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Cr.App.1978) (“[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence”), we also recognize that “[hjearsay information may not be used to furnish the
 
 sole
 
 basis of the revocation.”
 
 Watkins v. State,
 
 455 So.2d 160 (Ala.Cr.App.1984). See, also,
 
 Moore v. State,
 
 432 So.2d 552 (Ala.Cr.App.1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer’s report and/or an arrest warrant, standing alone or together, would be insufficient.’
 

 “Ex parte Belcher,
 
 supra, at 368-69 (emphasis in original).”
 

 Hall v. State,
 
 681 So.2d 247, 248 (Ala.Crim.App.1995).
 

 In this case, the only evidence the State presented about the new offenses
 
 *1175
 
 was L.H.’s hearsay testimony regarding statements C.M. made to her. The State contends that “[t]he indictment returned against Sturdivant itself was enough to support revocation. In Alabama, an indictment cannot be based on illegal evidence.” (State’s brief at p. 9.) However, in Alabama, “[a] grand jury may indict on hearsay testimony alone.”
 
 Coral v. State,
 
 628 So.2d 954, 964 (Ala.Crim.App.1992). Further,
 

 “because a Federal indictment may be handed down on hearsay,
 
 Costello v. United States,
 
 850 U.S. 859, 76 S.Ct. 406, 100 L.Ed. 397 [(1956)], such an indictment, in and of itself, would not alone furnish ground for revocation of probation. Nevertheless, it is such a circumstance that the circuit court may justifiably use to hold a revocation hearing if the prosecution is prepared to prove the substance of the Federal charge.”
 

 Dixon v. State,
 
 42 Ala.App. 341, 342-43, 164 So.2d 509, 510 (1964). Because an indictment in Alabama can be based solely on hearsay, the indictment alone could not serve as the sole ground for revoking Stur-divant’s probation. Furthermore, as we noted previously, the only other evidence regarding the new offenses was L.H.’s hearsay testimony about C.M.’s statements. For these reasons, State did not present sufficient nonhearsay evidence to support the revocation of Sturdivant’s probation. Accordingly, we reverse the circuit court’s judgment revoking Sturdi-vant’s probation and remand this case to the circuit court for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.