WINDOM, Judge.
Shunta Vile Sams appeals the circuit court’s judgment revoking his probation. On September 23, 2008, Sams’s probation officer filed an “Officer’s Report on Delinquent Probationer,” alleging that Sams had violated his probation by committing three new offenses: contributing to the delinquency of a child, first-degree criminal trespass, and third-degree criminal mischief. On December 15, 2008, the circuit court entered an order revoking Sams’s probation. In its order, the circuit court found that Sams had violated the terms of his probation due to his “commission of a new criminal offense, namely, Contributing to the Delinquency, Dependency, or In Need of Supervision of a Child.” (C.R. 9). The circuit court did not find that Sams had violated the terms of his probation by committing first-degree *663 criminal trespass or third-degree criminal mischief as alleged by the probation officer. On January 9, 2009, Sams filed a “Motion for New Trial,” arguing that his probation was revoked based solely on hearsay evidence that the victim was a child. On February 10, 2009, the circuit court denied Sams’s motion.
On appeal, Sams argues that evidence presented at the hearing was insufficient to establish that he committed the offense of contributing to the delinquency, dependency or need of supervision of a child. Specifically, he contends that the only testimony regarding the victim’s age was inadmissible hearsay.
During the probation-revocation hearing, the State presented evidence that Sams was arrested for contributing to the delinquency of a child after Officer Dalton Francis with the Elba Police Department found Sams and D.M.D. (the alleged runaway child) in the bedroom of Jena Wood’s apartment, which Sams and D.M.D. had entered by breaking a bathroom window. In this case, the only evidence establishing that D.M.D. was a child, a necessary element of the offense of contributing to the delinquency of a child, was Officer Francis’s hearsay testimony that D.M.D. was only 16 years old when he found her in the bedroom with Sams.[1] § 12-15-13, Ala.Code 1975, (effective January 1, 2009, this provision as amended appears at § 12-15-111, Ala.Code 1975). Thus, hearsay evidence formed the sole basis for the circuit court’s finding that Sams had violated the terms of his probation by committing the criminal offense of contributing to the delinquency of a child. This court has consistently held that “[wjhile hearsay evidence is admissible in a revocation proceeding it may not serve as the sole basis of the revocation.” Beckham v. State, 872 So.2d 208, 211 (Ala.Crim.App.2003); see also Brazery v. State, 6 So.3d 559, 562 (Ala.Crim.App.2008) (quoting Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App.1999)) (“‘It is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation.’”); Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App.1995) (same); see also Ratliff v. State, 970 So.2d 939, 941-42 (Fla.Dist.Ct.App.2008) (quoting Johnson v. State, 962 So.2d 394, 396-97 (Fla.Dist.Ct.App.2007) (“ ‘While probation may be revoked based on a combination of hearsay and nonhearsay evidence, when the State seeks to revoke probation based on the commission of new offenses, it must present direct, nonhearsay evidence linking the defendant to the commission of the offense at issue.’ ” Here, the trial court abused its discretion by revoking the appellant’s probation because the State failed to present “non-hearsay evidence establishing the essential elements of the criminal offenses at issue-”)).
Because the State failed to present any nonhearsay evidence to establish that D.M.D. was a “child” when she was found in the bedroom with Sams, the circuit court erred in revoking Sams’s probation. *664 Accordingly, we reverse the circuit court’s December 15, 2008, order revoking Sams’s probation and remand this cause for further consideration consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and KELLUM, J., concur.
WELCH, J., dissents, with opinion.
MAIN, J., dissents.

. At the time of the alleged offense, "child” was defined as "[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.” § 12-15-1(3), Ala.Code 1975. Effective January 1, 2009, the definition of "child” was amended as follows: "An individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual’s 18th birthday. Where a delinquency petition alleges that an individual, prior to the individual’s 18th birthday, has committed an offense for which there is no statute of limitation pursuant to Section 15-3-5, the term child also shall include the individual subject to the petition, regardless of the age of the individual at the time of filing.” § 12-15-102(3), Ala.Code 1975.