WELCH, Judge.
 

 On January 27, 2007, Shaddrick Vaughn pleaded guilty to second-degree receiving stolen property. The trial court sentenced him to 10 years’ imprisonment but split the sentence and ordered him to serve 12 months followed by 5 years on probation. On May 15, 2008, during the probationary portion of Vaughn’s sentence, Vaughn’s probation officer filed a delinquency report, charging Vaughn with violating the terms and conditions of his probation by having committed the new offense of shooting or discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Ala.Code 1975. After several continuances, the revocation hearing was held on November 13, 2008. After the hearing, the circuit court issued an order revoking Vaughn’s probation. This appeal followed.
 

 Raymond Schultz, a police officer for the City of Sheffield, testified during the revocation hearing that shortly after noon on April 12, 2008, he was dispatched to the scene of a shooting. At the scene, he saw a large group of people and a vehicle parked in the road. Officer Schultz was told by the driver of the vehicle that his vehicle had been struck by gunfire. The driver also told Officer Shultz that Vaughn and Desmond Thomas had been arguing at the scene shortly before the shooting started and that Thomas was one of the shooters. The driver told Officer Shultz that he did not see Vaughn with a gun. Neither Vaughn or Thomas were present at the scene when Officer Shultz arrived. Vaughn was subsequently arrested and indicted for discharging a firearm into an occupied vehicle. The State introduced at the revocation hearing a certified copy of the indictment.
 

 Vaughn argues that the circuit court erroneously revoked his probation solely on hearsay that he committed a new offense and because he had been indicted by the grand jury. The facts in this case are similar to the facts in
 
 Sturdivant v. State,
 
 24 So.3d 1173 (Ala.Crim.App.2009). In
 
 Sturdivant,
 
 the only evidence supporting the revocation of Sturdivant’s probation came from Sturdivant’s probation officer, who testified that Sturdivant had been indicted for rape, and from the victim’s aunt, who testified that the victim had told her she had been raped by Sturdivant. This Court’s holding in
 
 Sturdivant,
 
 supra, is dispositive of Vaughn’s claim on appeal. In
 
 Sturdivant,
 
 we stated:
 

 “ ‘ “The use of such hearsay evidence as the sole means of proving the violation of the probation condition denied appellant the right to confront and cross-examine the person who originated the factual information which formed the basis for the revocation. For this reason, appellant was denied minimal due process of law, and the evidence was insufficient to prove the alleged violation of probation.”
 

 
 *185
 

 “‘[Mallette v. State,]
 
 572 So.2d [1316,] 1317 [(Ala.Crim.App.1990)]. See also
 
 Ex parte Belcher,
 
 556 So.2d 366 (Ala.1989) (State’s evidence held insufficient in probation revocation hearing where evidence consisted of probation officer’s testimony that, while on probation, the appellant was charged with a federal offense, i.e., conspiring to possess, with intent to distribute, approximately 1000 pounds of marijuana, and certified copies of the federal charge).
 

 “ ‘ “[T]he law is clear that the formality and evidentiary standards of a criminal trial are not required in parole revocation hearings.
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Crim.App.1978),
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). Hearsay evidence may be admitted in the discretion of the court, though the State acknowledges that hearsay evidence cannot be the sole support of revoking probation.
 
 Mitchell v. State,
 
 462 So.2d 740 (Ala.Crim.App.1984).
 

 [[Image here]]
 

 “ ‘ “Although probation is a ‘privilege’ and not a right,
 
 Wray v. State,
 
 472 So.2d 1119 (Ala.1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in
 
 Armstrong v. State,
 
 supra.
 

 While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different,
 
 Thompson v. State,
 
 356 So.2d 757 (Ala.Cr.App.1978) (‘[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence’), we also recognize that ‘[h]earsay information may not be used to furnish the
 
 sole
 
 basis of the revocation.’
 
 Watkins v. State,
 
 455 So.2d 160 (Ala.Cr.App.1984). See, also,
 
 Moore v. State,
 
 432 So.2d 552 (Ala.Cr.App.1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer’s report and/or an arrest warrant, standing alone or together, would be insufficient.”
 

 “
 
 ‘Ex parte Belcher,
 
 supra, at 368-69 (emphasis in original).’
 

 “Hall v. State,
 
 681 So.2d 247, 248 (Ala.Crim.App.1995).
 

 “In this case, the only evidence the State presented about the new offenses was L.H.’s hearsay testimony regarding statements C.M. made to her. The State contends that ‘[t]he indictment returned against Sturdivant itself was enough to support revocation. In Alabama, an indictment cannot be based on illegal evidence.’ (State’s brief at p. 9.) However, in Alabama, ‘[a] grand jury may indict on hearsay testimony alone.’
 
 Coral v. State,
 
 628 So.2d 954, 964 (Ala.Crim.App.1992). Further,
 

 “ ‘because a Federal indictment may be handed down on hearsay,
 
 Costello v. United States,
 
 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397, such an indictment, in and of itself, would not alone furnish ground for revocation of probation. Nevertheless, it is such a circumstance that the circuit court may justifiably use to hold a revocation hearing if the prosecution is prepared to prove the substance of the Federal charge.’
 

 “Dixon v. State,
 
 42 Ala.App. 341, 342-43, 164 So.2d 509, 510 (1964). Because an indictment in Alabama can be based solely on hearsay, the indictment alone could not serve as the sole ground for
 
 *186
 
 revoking Sturdivant’s probation. Furthermore, as we noted previously, the only other evidence regarding the new offenses was L.H.’s hearsay testimony about C.M.’s statements. For these reasons, State did not present sufficient nonhearsay evidence to support the revocation of Sturdivant’s probation.”
 

 24 So.3d at 1174-75.
 

 Here, as was the case in
 
 Sturdivant,
 
 the fact that charges have been filed against the probationer does not overcome the fact that the trial court based its revocation order solely on hearsay. This Court has stated:
 

 “ “While it is not necessary that a probationer be convicted of the charged offense before the probation is revoked, it is nevertheless true that
 
 the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation.’ Mitchell v. State,
 
 462 So.2d 740, 742 (Ala.Crim.App.1984). ‘“The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.” ’
 
 Mitchell v. State,
 
 462 So.2d at 742 (quoting
 
 Hill v. State,
 
 350 So.2d 716, 718 (Ala.Crim.App.1977)).”
 

 Brazery v. State,
 
 6 So.3d 559, 563 (Ala.Crim.App.2008) (emphasis added).
 

 Testimony from Officer Shultz regarding what the victim told him constituted hearsay; the nonhearsay portion of his testimony — what he observed when he arrived at the scene — did not constitute substantive evidence necessary to support a revocation of probation. Because the record supports Vaughn’s argument that the trial court’s revocation order was based solely on hearsay and was, therefore, insufficient, we reverse the circuit court’s judgment revoking Vaughn’s probation and remand this case to the circuit court for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.