STUART, Justice.
In September 2008, a probation-delinquency report was filed charging that Shunta Vile Sams had violated three conditions of his probation. The circuit court then conducted a probation-revocation hearing. After hearing the evidence, the circuit court was reasonably satisfied that the evidence supported a finding that Sams had violated the terms of his probation by committing a new offense — contributing to the delinquency or dependency of a child or a child’s being in need of supervision. § 12-15-13, Ala.Code 1975 (effective January 1, 2009, this provision, as amended, appears at § 12-15-111, Ala. Code 1975).[1] The circuit court revoked Sams’s probation.
The Court of Criminal Appeals reversed the circuit court’s order. Sams v. State, 48 So.3d 662 (Ala.Crim.App.2009). The Court of Criminal Appeals held that the evidence was insufficient to support a finding that Sams had committed the offense of contributing to the delinquency or dependency of a child or to a child’s being in need of supervision because, it said, the finding was based solely on hearsay evidence. Specifically, the Court of Criminal Appeals held that because “the State failed to present any nonhearsay evidence to establish that D.M.D. was a ‘child’ when she was found in the bedroom with Sams,” a “necessary” element to establish a prima facie case of contributing to the delinquency or dependency of a child or to a child’s being in need of supervision, “the circuit court erred in revoking Sams’s probation.” 48 So.3d at 663.
The State petitioned this Court for cer-tiorari review to determine whether the decision of the Court of Criminal Appeals conflicts with well settled caselaw holding that a circuit court may consider both hearsay and nonhearsay evidence in determining whether a probationer violated the terms of his or her probation. See Ex parte J.J.D.,778 So.2d 240, 242 *667 (Ala.2000)(recognizing that “ ‘ “the court is not bound by the strict rules of evidence” ’ ” at a probation-revocation hearing and must only be reasonably satisfied from the evidence that the probationer has violated a condition of his or her probation (quoting Martin v. State, 46 Ala.App. 810, 312, 241 So.2d 839, 341 (Ala.Crim.App.1970), quoting in turn State v. Duncan, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967))); Ex parte Toney, 854 So.2d 37, 39 (Ala.2002) (stating that “Rule 27.6(d)(1), [Ala. R.Crim. P.,] provides, in pertinent part, that at a probation-revocation hearing ‘[t]he court may[, in its discretion,] receive any reliable, relevant evidence not legally privileged, including hearsay,’ ” but noting that the decision to revoke probation, however, cannot be based solely on hearsay evidence). We issued the writ; we reverse and remand.
The facts are undisputed. Officer Dalton Francis, Jr., of the Elba Police Department testified at the probation-revocation hearing that a report had been made that D.M.D., a juvenile, had run away from home. He stated that he found D.M.D. with Sams at a Shell gasoline service station, that he notified the juvenile-probation officer, and that he was instructed to release D.M.D. to her grandmother, which he did. The next night, another report was filed indicating that D.M.D. had again run away and that the juvenile-probation officer was trying to locate her. He stated that he and another officer found D.M.D. with Sams in the bedroom of an apartment. Officer Francis stated that D.M.D. told him that she was 16 years old; that she had been living with Sams; that she smoked crack cocaine and marijuana; that she consumed alcohol; and that, at that time, she may have been pregnant by Sams. Officer Francis testified that Sams was arrested for contributing to the delinquency or dependency of a child or to a child’s being in need of supervision.
The State contends that the Court of Criminal Appeals erred in reversing the circuit court’s order revoking Sams’s probation because, it says, it presented sufficient evidence from which the circuit court could be reasonably satisfied that Sams had violated a condition of his probation by committing a new offense.
“ ‘ “Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.” ’
“Martin v. State, 46 Ala.App. 310, 312, 241 So.2d 339, 341 (Ala.Crim.App.1970) (quoting State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967) (citation omitted)). Under that standard, the trial court need ‘only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.’ Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). Absent a clear abuse of discretion, a reviewing court will not disturb the trial court’s conclusions. See Moore v. State, 432 So.2d 552, 553 (Ala.Crim.App.1983), and Wright v. State, 349 So.2d 124, 125 (Ala.Crim.App.1977).”
Ex parte J.J.D., 778 So.2d at 242. See Rule 27.6(d)(1), Ala. R.Crim. P. (providing that at a revocation hearing the “court may receive any reliable, relevant evidence not legally privileged, including hearsay,” and the court must be reasonably satisfied from the evidence that a violation of probation occurred before revoking probation). Whether to admit hearsay evidence at a *668 probation-revocation hearing is within the discretion of the court. Puckett v. State, 680 So.2d 980, 981 (Ala.Crim.App.1996). However,
“[i]t is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App.1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App.1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App.1990). ‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating the information that forms the basis of the revocation.’ Clayton, 669 So.2d at 222.”
Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App.1999).
To summarize, at a probation-revocation hearing a circuit court must examine- the facts and circumstances supporting each alleged violation of probation. The court may consider both hearsay and nonhear-say evidence in making its determination. The hearsay evidence, however, must be reliable,[2] and it cannot be the sole evidence supporting the revocation of probation. Thus, a circuit court must assess the credibility of the particular witnesses at the probation-revocation hearing, the reliability of the available evidence, and the totality of the evidence in each individual case to determine whether it is reasonably satisfied that the probationer has violated a term of his or her probation and that revocation is proper. Moreover, an appellate court will disturb a circuit court’s decision only if the record establishes that the circuit court exceeded the scope of its discretion.
In Mitchell v. State, 462 So.2d 740 (Ala.Crim.App.1984), the Court of Criminal Appeals reversed the circuit court’s revocation of Mitchell’s probation based on its finding that Mitchell had committed a new offense because, the Court of Criminal Appeals held, the record did not contain sufficient facts to support revocation. At the revocation hearing, Mitchell’s probation officer testified about information he had received from a witness who had seen Mitchell break into a vehicle. According to the probation officer, Mitchell had been charged with burglary and had “ ‘repeatedly admitted his guilt to arresting officers.’ ” 462 So.2d at 741. The probation officer had no personal knowledge with regard to the incident. Officer Gregory J. Sexton, a Decatur police officer, was the only other witness to testify. He stated that he was on patrol when he learned of the burglary. When he arrived on the scene, two individuals identified Mitchell as one of the men who had broken into the vehicle. Officer Sexton also testified that he was not present when Mitchell made his statement admitting his guilt. In holding that the hearsay evidence given by Mitchell’s probation officer and Officer Sexton was not sufficient to support the revocation of Mitchell’s probation, the Court of Criminal Appeals stated:
“The question for us in the instant case is, therefore, whether the testimony of Officer Sexton, when added to the evidence revealed by the probation officer’s testimony and report, provided sufficient evidence to support Mitchell’s probation revocation. It is not necessary in a probation revocation hearing to *669 provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be ‘reasonably satisfied from the evidence that the probationer has violated the conditions of his probation’. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
“This court has held that ‘probation cannot be revoked solely upon hearsay evidence’. Moore v. State, 432 So.2d 552 (Ala.Crim.App.1983); Watkins v. State, 455 So.2d 160 (Ala.Crim.App.1984). The only evidence presented against Mitchell in this hearing was hearsay. Neither the victim, nor any other witness who could have identified the appellant as the perpetrator of the crime, testified. Although [the probation officer] said that his report indicated Mitchell had made an inculpatory statement to police, no other evidence was offered to support this allegation. Officer Sexton was not present when the crime was committed, and he arrested Mitchell solely upon the information given to him by others.
“While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205 (Ala.Crim.App.1983); Free v. State, 392 So.2d 857 (Ala.Crim.App.1980), writ denied, Ex parte Free, 392 So.2d 859, cert. denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850 rehearing denied, 452 U.S. 973, 101 S.Ct. 3129, 69 L.Ed.2d 985 (1981).
“As this court has said:
‘“If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant’s conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.’ Hill [v. State, 350 So.2d 716, 718 (Ala.Crim.App.1977) ].”
462 So.2d at 742.
In Goodgain, the Court of Criminal Appeals reversed the circuit court’s revocation of Goodgain’s probation because the only evidence presented supporting a finding that Goodgain had violated a term of his probation by committing a new offense was hearsay. At the probation-revocation hearing, the State presented one witness, Detective Gregory Johnson with the Birmingham Police Department. Detective Johnson testified that he had received an offense report prepared by an unidentified officer regarding a robbery. According to Detective Johnson, the report indicated that the victim had identified Goodgain as one of the men who had robbed her at gunpoint. Detective Johnson said that he conducted a live lineup and that the victim identified Goodgain as one of the men who had robbed her. Detective Johnson also testified that the victim’s daughter, who was present during the robbery, identified Goodgain in a photographic lineup. No other evidence was offered to support a finding that Goodgain had committed a new offense.
The Court of Criminal Appeals’ review of the record indicated that Detective Johnson’s hearsay testimony about the statements of the victim contained in the offense report and his hearsay testimony regarding the victim and her daughter’s *670 identification of Goodgain in the lineups could not support a finding that Goodgain had committed a new offense. Therefore, the Court of Criminal Appeals correctly concluded that the circuit court had exceeded the scope of its discretion in revoking Goodgain’s probation.
In both Mitchell and Goodgain the State presented only hearsay evidence to support a finding that the probationer had violated the conditions of his probation by committing a new offense. The State did not present a witness with personal knowledge of the charged offense who could identify the probationer as the perpetrator of the new offense. Indeed, the officers who testified at the probation-revocation hearings in those cases were not present when the new offenses were committed and the arrests were not based on either officer’s personal knowledge or witnessing of the offense. Consequently, because only hearsay evidence was presented connecting each probationer to the charged offense, the evidence in both cases was insufficient to support the probation revocations, and the circuit court in each case exceeded the scope of its discretion in revoking the probations.
In this case, the record establishes that the circuit court did not exceed the scope of its discretion in revoking Sams’s probation. Hearsay evidence was not the sole basis on which the circuit court found that Sams had violated the terms of his probation by committing a new offense. The State presented a mixture of nonhearsay and hearsay evidence indicating that Sams contributed to the delinquency or dependency of a child or to a child’s being in need of supervision. Officer Francis testified as to his personal knowledge of Sams’s commission of the new offense. Officer Francis testified that on the night before Sams was arrested for contributing to the delinquency or dependency of a child or to the child’s being in need of supervision, he had found Sams with D.M.D., a minor, and had returned D.M.D. to her grandmother. He further testified that he saw Sams with D.M.D. in the bedroom of the apartment on the night Sams was arrested for contributing to the delinquency or dependency of a child or to a child’s being in need of supervision and witnessed his arrest. Officer Francis’s testimony unequivocally linked Sams to the new offense. Although hearsay evidence was presented to establish that D.M.D. was 16 years old, the circuit court could have determined that the hearsay evidence was reliable in light of Officer Francis’s personal knowledge of this incident and his prior incident involving Sams and D.M.D. Consequently, in this case, unlike Mitchell and Goodgain in which the State relied solely on hearsay evidence to support a finding that the probationer had committed a new offense, the State presented both reliable hearsay and nonhearsay evidence, as permitted under Rule 27.6(d), Ala. R.Crim. P., to establish that Sams had violated one of the terms of his probation. The record indicates that the State presented sufficient evidence from which the circuit court could be reasonably satisfied that Sams had violated one of the terms of his probation by committing a new offense and that the circuit court did not exceed the scope of its discretion in revoking Sams’s probation. Accordingly, we reverse the judgment of the Court of Criminal Appeals reversing the probation-revocation order, and we remand this case for that court to enter a judgment affirming the circuit court’s revocation of Sams’s probation.
REVERSED AND REMANDED. 
*671 LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
COBB, C.J., dissents.

. Section 12-15-13, Ala.Code 1975, provided:
"(a) It shall be unlawful for any parent, guardian or other person to willfully aid, encourage or cause any child to become or remain delinquent, dependent or in need of supervision or by words, acts, threats, commands or persuasions, to induce or endeav- or to induce, aid or encourage any child to do or perform any act or to follow any course of conduct which would cause or manifestly tend to cause such child to become or remain delinquent, dependent or in need of supervision_”
At the time of the alleged offense, “child” was defined as “[a]n individual under the age of 18, or under 19 years of age and before the juvenile court for a matter arising before that individual’s 18th birthday.” § 12-15-1(3), Ala.Code 1975. Effective January 1, 2009, the definition of "child” was amended to read as follows: “An individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual’s 18th birthday. Where a delinquency petition alleges that an individual, prior to the individual’s 18th birthday, has committed an offense for which there is no statute of limitation pursuant to Section 15-3-5, the term child also shall include the individual subject to the petition, regardless of the age of the individual at the time of filing.” § 12-15-102(3), Ala.Code 1975.

. Cf. Hampton v. State, 203 P.3d 179, 185 (Okla.Crim.App.2009) (“[W]e conclude that the due process confrontation requirement applicable to revocations matters will generally be satisfied when a trial court determines that proffered hearsay bears substantial guarantees of trustworthiness or otherwise has sufficient indicia of reliability.”).