JOINER, Judge,
concurring in part and concurring in the result.
I concur in the rationale in part and concur in the result of this Court’s unpublished memorandum affirming the Montgomery Circuit Court’s decision to revoke Richard Cintron’s probation. Specifically, with regard to Part I of this Court’s unpublished memorandum, I concur with this Court’s conclusion that the circuit court’s order revoking Cintron’s probation satisfies the requirements set forth in Rule 27.6(f), Ala. R.Crim. P. With regard to Part II of the unpublished memorandum, however, I concur in the result.
Specifically, in Part II of this Court’s unpublished memorandum, this Court con- *928 eludes that the “State presented a sufficient mixture of nonhearsay and hearsay evidence indicating that Cintron had violated one of the terms of his probation— obtaining new charges.” To reach this conclusion, this Court relies on the Alabama Supreme Court’s decision in Sams v. State, 48 So.3d 665, 670 (Ala.2010). Whether the standard announced in Sams is still the correct legal standard to apply in reviewing a judgment arising from a probation-revocation proceeding, however, has been recently called into question. See, e.g., Ex parte Dunn, 163 So.3d 1003 (Ala.2014), English v. State, 164 So.3d 627 (Ala.Crim.App.2014), and Moore v. State, [Ms. CR-13-1815, February 6, 2015] (Ala.Crim.App.2015) (recognizing that the Sams standard was the “previous rule” and has since been replaced by the Alabama Supreme Court’s decision in Dunn).
Here, it is unnecessary for this Court to rely on Sams to affirm the circuit court’s judgment because there existed nonhear-say evidence of Cintron’s other probation violations. Specifically, the State, at the-probation-revocation hearing, presented the nonhearsay testimony of Cintron’s probation officer, Todd Hudson. Officer Hudson testified that he supervised Cintron; that Cintron had failed to maintain employment; that Cintron had failed to pay his court-ordered moneys; that Cintron had failed to report to him; that Cintron had changed his residence without first telling him; and that Cintron had left the State without first obtaining a “travel permit.” Based -on that testimony, the circuit court found, in its order revoking Cintron’s probation, that Cintron had failed to report to his probation officer; that Cintron had failed to pay court-ordered moneys; that Cintron had changed his residence without permission; and that Cintron had left the State without permission. (C. 8.)
Because the circuit court correctly revoked Cintron’s probation based on the above-listed violations, it is unnecessary to determine the propriety of the circuit court’s decision with regard to Cintron’s alleged commission of new offenses.
Based on the foregoing, I concur in part and concur in the result.
WELCH, J., concurs.