BURKE, Judge, dissenting.
I respectfully dissent from the majority's conclusion that the State failed to present any nonhearsay evidence to establish that Zachary Wayne Weatherford violated the terms and conditions of his probation by committing the alleged offense of first-degree kidnapping.
At Weatherford's revocation hearing, the State presented testimony from Investigator Gary Gilbert. As noted in the majority opinion, Inv. Gilbert testified that he interviewed the victim at the Madison Hospital emergency room and that she gave a detailed description of Weatherford's actions on the day in question. Inv. Gilbert also testified to his observations of the victim's injuries including "scratches on her right side of her temple, swelling around her left eye ... a busted lip and ligature marks around her ankles." (R. 7.) Inv. Gilbert's testimony about the victim's injuries were based on his own observations and did not constitute hearsay.
Additionally, the State presented testimony from Rachel Murrill, Weatherford's probation officer. Officer Murrill testified that she had been informed that Weatherford was in trouble and that a warrant may be issued for his arrest. Murrill stated that she then telephoned Weatherford "to try and see what was going on." (R. 15.) Murrill gave the following account of her conversation with Weatherford:
"When he first picked up the phone, it was hard to understand him. I identified myself as Officer Murrill, State Probation, and asked for Zach Weatherford. There was some mumbling and the phone disconnected.
"I called back and asked again and he sounded-what I would describe as paranoid, asking me how I got that phone number that I called.
*76 "He said it was impossible because he had just gotten that number the weekend that this occurred, that I wouldn't have that number on file.
"And I asked him what he was so upset about, what was going on. He said, you know what's going on. And I said I don't. And he stated, 'well I think I'm in some trouble.'
"He stated that he got into an argument with [the victim] and that he slapped her but that it would be at most an assault third charge."
(R. 15-16.)
Rule 801(d)(2)(A), Ala. R. Evid., provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is the party's own statement in either an individual capacity or a representative capacity ...." Accordingly, Weatherford's statements to Officer Murrill are not hearsay.
At the conclusion of the hearing, the trial court stated, among other things, that it relied on Inv. Gilbert's testimony that he interviewed the victim and found "the exact types of multiple injuries-this is not just standard injuries, but all kinds of different injuries that he can physically see which corroborate the testimony that she said as to the way the Defendant in this case harmed her." (R. 22.) The trial court also stated that it relied on "the testimony of Officer Murrill in which the Defendant admits to an altercation in which he at least slapped the victim in this case." (R. 23.) Therefore, the trial court did not rely solely on hearsay as the basis to revoke Weatherford's probation.
Although the testimony presented at Weatherford's revocation hearing may not have been sufficient to prove the alleged kidnapping beyond a reasonable doubt, that was not the requisite burden of proof. As the majority notes: " ' " 'It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be "reasonably satisfied from the evidence that the probationer has violated the conditions of his probation." ' " 755 So.2d at 592 (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala. Crim. App. 1984), quoting in turn Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975) ).' " 251 So.3d at 73. I believe that the nonhearsay testimony offered by the State, i.e., Inv. Gilbert's personal observations of the victim's injuries and Officer Murrill's testimony that Weatherford admitted to slapping the victim, coupled with the remaining testimony detailing the alleged kidnapping, was sufficient to reasonably satisfy the trial court that Weatherford violated his probation by committing the offense of first-degree kidnapping. Accordingly, I would affirm the trial court's decision to revoke Weatherford's probation.
Joiner, J., concurs.