The appellant, William Lindsey Goodgain, appeals from the revocation of his probation. On October 19, 1998, Goodgain pleaded guilty to unlawful possession of a controlled substance, a violation of § 13A-12-212
(a)(1), Ala. Code 1975. The trial court sentenced him to two years' imprisonment, but suspended the sentence and placed him on three years' probation. On January 26, 1999, Goodgain's probation officer filed a delinquent-probationer's report recommending that Goodgain's probation be revoked on the ground that Goodgain had committed a new criminal *Page 592 
offense, specifically, robbery. On April 19, 1999, following a revocation hearing, Goodgain's probation was revoked.
Goodgain contends that the trial court erred in revoking his probation because, he says, the revocation was based solely on hearsay evidence. Goodgain preserved this issue for review when, at the conclusion of the revocation hearing, after the trial court indicated that it was going to revoke Goodgain's probation, Goodgain's counsel objected on grounds that the revocation was "based on what is totally hearsay testimony" and that Goodgain's right to confront his accusers had been violated.
At the revocation hearing, the State presented one witness: Gregory Johnson, a detective with the Birmingham Police Department. Detective Johnson testified that on December 13, 1998, he received an offense report prepared by an unidentified officer regarding a robbery that had allegedly occurred on December 12, 1998. According to Detective Johnson, the offense report indicated that the victim of the robbery had stated that Goodgain and another individual had come to her home and had robbed her at gunpoint, taking $500 in cash and a necklace. Detective Johnson stated that after he received the offense report, he conducted a live lineup and a photographic lineup as part of his investigation of the robbery. He testified that the victim identified Goodgain in the live lineup, and that the victim's daughter, who was present during the robbery, identified Goodgain in the photographic lineup. Detective Johnson said that on December 17, 1998, he obtained an arrest warrant for Goodgain for the crime of robbery in the first degree. No other evidence was offered at the hearing to support the allegations in the probation officer's delinquency report. At the time of the revocation hearing, Goodgain had yet to be tried on the robbery charge.
It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State,669 So.2d 220, 222 (Ala.Cr.App. 1995); Chasteen v. State, 652 So.2d 319,320 (Ala.Cr.App. 1994); and Mallette v. State, 572 So.2d 1316, 1317
(Ala.Cr.App. 1990). "The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation." Clayton, 669 So.2d at 222.
Here, the only evidence that Goodgain violated his probation by committing another crime was Detective Johnson's hearsay testimony regarding the statements of the robbery victim contained in the offense report and regarding the lineup identifications of Goodgain by the victim and her daughter. See Thomas v. State, 461 So.2d 16, 20 (Ala. 1984). InMitchell v. State, 462 So.2d 740 (Ala.Cr.App. 1984), this court stated:
 "The question for us in the instant case is, therefore, whether the testimony of Officer Sexton, when added to the evidence revealed by the probation officer's testimony and report, provided sufficient evidence to support Mitchell's probation revocation. It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be `reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.' Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
 "This court has held that `probation cannot be revoked solely upon hearsay evidence.' Moore v. State, 432 So.2d 552 (Ala.Crim.App. 1983); Watkins v. State, 455 So.2d 160 (Ala.Crim.App. 1984). The only evidence presented against Mitchell in this hearing was hearsay. Neither the victim, nor any other witness who could have identified the appellant as the perpetrator of the crime, testified. Although Probation Officer Cockes said that his report indicated Mitchell had *Page 593 
made an inculpatory statement to police, no other evidence was offered to support this allegation. Officer Sexton was not present when the crime was committed, and he arrested Mitchell solely upon the information given to him by others.
 "While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205 (Ala.Crim.App. 1983); Free v. State, 392 So.2d 857 (Ala.Crim.App. 1980), writ denied, Ex parte Free, 392 So.2d 859, cert denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850, rehearing denied, 452 U.S. 973 101 S.Ct. 3129, 69 L.Ed.2d 985 (1981).
"As this court has said:
 "`If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." Hill [v. State, 350 So.2d 716
(Ala.Cr.App. 1977)].
 "After carefully examining the evidence presented at appellant's hearing, we must conclude that it was insufficient to support the decision to revoke his probation."
462 So.2d at 742.
Because the State failed to present any evidence, other than the hearsay testimony of Detective Johnson, indicating that Goodgain had, in fact, committed the alleged robbery, the trial court erred in revoking Goodgain's probation. Accordingly, the trial court's order revoking Goodgain's probation is reversed and this cause is remanded for the court to hold another revocation hearing.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCRAB, and FRY, JJ., concur.