On Return to Remand 
*

KELLUM, Judge.
The appellant, Michael Anthony Wesco-vich, appeals from the circuit court’s revocation of his probation. The record indicates that in June 2010, Wescovich pleaded guilty to receiving stolen property in the second degree, a violation of § 13A-8-18, Ala.Code 1975. The circuit court sentenced Wescovich to 10 years’ imprisonment; however, that sentence was split, and Wescovich was ordered to serve 2 years’ imprisonment followed by 8 years’ supervised probation. Further, Wescovich was ordered to pay a crime-victims-compensation-fund assessment and other court-ordered moneys.[1]
On May 20, 2013, Wescovich’s probation officer filed a delinquency report alleging that, following his arrest on new criminal charges of receiving stolen property in the second degree and theft of property in the third degree, Wescovich had violated the terms and conditions of his probation. Wescovich’s probation officer further alleged that Wescovich had failed to report to the probation office and that Wescovich had failed to pay his court-ordered moneys.
On June 5, 2013, the circuit court conducted a probation-revocation hearing. At the revocation hearing, Clark Bolton, a detective with the Mobile County Sheriffs Department, testified that on February 8, 2013, he investigated a report of a burglary made by Ross Thrower. Thrower claimed that someone broke into his house. In a telephone conversation, Thrower told Bolton that he believed that his stepdaughter and her boyfriend, Wescovich, were responsible for the crime. Thrower told Bolton that later that day he found the vehicle Wescovich and his stepdaughter were in and made contact with both of them as they were unloading from the vehicle the property stolen from Thrower’s house. Bolton subsequently questioned Thrower’s stepdaughter, who confessed to the burglary. Thrower’s stepdaughter would not tell who, if anyone, had committed the burglary with her. Bolton was unable to interview Wescovich. Bolton testified that he arrested Wescovich “[biased on the fact that it was the same morning of the burglary and they were still riding around with the stolen property in their vehicle, when they were both confronted by the victim ... [and] they both fled on foot.” (R. 9.) Bolton stated that he “felt confidant that [ ] Wescovich was aware the property was stolen” and that the property was valued at approximately $600. (R.9.)
*1278 Following the revocation hearing, the circuit court entered an order on June 5, 2013, revoking Wescovich’s probation. In its order, the circuit court found that Wes-covich had “violated [his] probation by picking up a new charge, failing] to report, and fail[ing] to fulfill financial obligation[s].” (C. 5.) This appeal followed.
On August 16, 2013, this Court, by order, remanded the case to the circuit court for that court to enter an order stating the evidence it had relied upon to revoke Wes-covich’s probation. The circuit court complied with our instructions, and on August 22, 2013, entered an order stating, in pertinent part, that “testimony was taken from the detective that the defendant has been charged with a new offense of Receiving Stolen Property Second Degree. The Court further takes judicial notice that the defendant at his preliminary hearing for said Receiving Stolen Property Second Degree waived to the grand jury.” (Record on Return to Remand, C. 23.)
Wescovich contends on appeal that the circuit court erroneously revoked his probation based solely on hearsay that he had committed a new offense and because he had waived a preliminary hearing.
“It is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Cr.App.1995); Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App.1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala.Cr.App.1990). ‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating the information that forms the basis of the revocation.’ Clayton, 669 So.2d at 222.”
Goodgain v. State, 755 So.2d 591, 592 (Ala.Crim.App.1999).
In Goodgain, the defendant appealed the revocation of his probation on the basis that the revocation was based solely on hearsay indicating that he had committed a new offense. The State presented the testimony of one witness — a detective with the Birmingham Police Department — who testified that he had received an offense report regarding a robbery prepared by an unidentified officer. The detective testified that the report indicated that the victim had identified Goodgain as one of the men who had robbed her. The detective further testified that he conducted a live lineup and that the victim identified Good-gain as one of the perpetrators of the crime. The detective testified that the victim’s daughter, who was also present during the robbery, identified Goodgain in a photographic lineup. This Court reversed the trial court’s order revoking Goodgain’s probation and held that the detective’s hearsay testimony alone could not support a finding that Goodgain had committed a new offense. Goodgain, 755 So.2d at 593. In so holding, this Court stated:
“While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205 (Ala.Crim.App.1983); Free v. State, 392 So.2d 857 (Ala.Crim.App.1980), writ denied, Ex parte Free, 392 So.2d 859, cert. denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850, rehearing denied, 452 U.S. 973 101 S.Ct. 3129, 69 L.Ed.2d 985 (1981).
“As this court has said:
“ ‘If merely being arrested is sufficient for revocation, then revocation *1279 would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant’s conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.’ Hill [v. State, 350 So.2d 716 (Ala.Cr.App.1977) ].
“After carefully examining the evidence presented at appellant’s hearing, we must conclude that it was insufficient to support the decision to revoke his probation.”
Goodgain, 755 So.2d at 592-93 (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984)).
In the instant case, as in Good-gain, the State presented only hearsay evidence to support a finding that the probationer had violated the terms and conditions of his probation by committing a new offense. The State did not present a witness with personal knowledge of the charged offense who could identify Wesco-vich or testify that he was in possession of the stolen property. Although the circuit court took judicial notice of Wescovich’s waiver of a preliminary hearing, the finding that Wescovich waived a preliminary hearing did not overcome the fact that the circuit court based its revocation solely on hearsay. See, e.g. Vaughn v. State, 37 So.3d 183 (Ala.Crim.App.2009) (holding that fact that charges have been filed against probationer does not overcome fact that trial court based revocation order solely on hearsay); Sturdivant v. State, 24 So.3d 1173 (Ala.Crim.App.2009) (same).
Because the State did not present sufficient non-hearsay evidence indicating that Wescovich had committed a new criminal offense, the circuit court erred in revoking Wescovich’s probation. Accordingly, we reverse the circuit court’s order revoking Wescovich’s probation and remand this case to the circuit court for further proceedings consistent with this opinion,
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On August 13, 2013, the Court of Criminal Appeals issued an order remanding this case to the trial court, with instructions. On August 23, 2013, the trial court filed a return to the Court of Criminal Appeals’ remand order. This opinion followed.

. It is unclear from the record how much of the court-ordered money was designated for the crime victims compensation fund and how much was designated for court costs.