BRYAN, Justice.
Chase Andrew Dunn petitioned this Court for certiorari review of the Court of Criminal Appeals’ decision affirming the trial court’s revocation of Dunn’s probation. We granted the petition to determine whether the Court of Criminal Appeals’ decision conflicts with Goodgain v. State, 755 So.2d 591 (Ala.Crim.App.1999). We hold that it does, and we reverse and remand.

Facts and Procedural History

On October 14, 2010, Dunn pleaded guilty to first-degree assault, a violation of § 13A-6-20, Ala.Code 1975, and was sentenced to 10 years’ imprisonment. That sentence was split, and Dunn was ordered to serve two years’ imprisonment followed by three years’ probation. On March 6, 2013, Dunn’s probation officer filed a delinquency report alleging that Dunn had violated the terms of his probation by (1) committing the new offense of third-degree robbery; (2) failing to pay court-ordered moneys; and (3) failing to pay supervision fees.
The trial court held a probation-revocation hearing at which the State presented testimony from two witnesses: Matthew Shirey, a detective with the Mobile Police Department, and Donna Gibbons, a DNA analyst with the Alabama Department of Forensic Sciences. Detective Shirey testified that he was assigned to investigate a burglary at Alec Olensky’s residence that occurred on January 1, 2012. Two men, Robert Hager and James Weaver, were detained when Sgt. Alford[1] caught them *1004 running from Olensky’s residence and getting into a vehicle. Olensky’s television, but not the rest of the missing property, was found in the vehicle. Detective Shirey testified that, during an interview with Sgt. Alford, Hager and Weaver implicated Dunn and Jacob Wheeler in the burglary. Detective Shirey also testified that blood was found in Olensky’s residence and that Cpl. Taylor was assigned to take pictures and to collect evidence at the scene. Detective Shirey presented three photographs submitted by Cpl. Taylor that depicted a broken window and blood inside Olensky’s residence.
Next, Gibbons testified for the State regarding DNA results of blood samples taken at the scene and from a pair of pants Gibbons testified were marked as “clothing that was found discarded with [the] stolen property next door from the scene.” Gibbons testified that the blood from the pants was a match for Dunn’s DNA. Gibbons stated that the pants had been collected by Officer James McKinley. The trial court asked Gibbons if Dunn was also a match for the bloodstains inside the residence, and Gibbons testified that those bloodstains were from a different individual.
The court questioned Detective Shirey regarding where the pants had been found, but Detective Shirey testified that he did not know and that it was Officer McKinley who had recovered the pants. Officer McKinley did not testify at the probation-revocation hearing.
The trial court revoked Dunn’s probation, stating that, based on the evidence, the trial court was “reasonably satisfied that Mr. Dunn violated the terms and conditions of his probation in that he participated in a burglary that took place on or about January 1, 2012.” Dunn appealed to the Court of Criminal Appeals, arguing that the trial court erred by relying solely on hearsay evidence in revoking his probation. The Court of Criminal Appeals affirmed the trial court’s judgment in an unpublished memorandum. Dunn v. State (No. CR-12-1223, August 23, 2013), - So.3d - (Ala.Crim.App.2013) (table).
Dunn applied for a rehearing in the Court of Criminal Appeals, which that court overruled on September 13, 2013. Dunn then petitioned this Court for certio-rari review, which we granted to determine whether the Court of Criminal Appeals’ decision conflicts with the principle set forth in Goodgain “that hearsay evidence may not form the sole basis for revoking an individual’s probation.” 755 So.2d at 592.

Standard of Review

“‘This Court reviews pure questions of law in criminal cases de novo.’ ” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

Analysis

Dunn argues that, in concluding that the State had corroborated the hearsay evidence presented at his revocation hearing with Gibbons’s testimony regarding the DNA testing she had performed, the Court of Criminal Appeals “ignore[d] and overlooked] the fact that the only evidence connecting the clothing to the burglary for which Dunn’s probation was sought to be revoked was hearsay.” Petition, at 5. Thus, he argues, the trial court’s decision was based entirely on hearsay and the Court of Criminal Appeals’ affirmance of that decision conflicts with Goodgain.
In Goodgain, the defendant, William Lindsey Goodgain, appealed the revocation of his probation, arguing that it was based *1005 on hearsay evidence that he had committed a new criminal offense of robbery. The Court of Criminal Appeals noted:
“At the revocation hearing, the State presented one witness: Gregory Johnson, a detective with the Birmingham Police Department. Detective Johnson testified that on December 13, 1998, he received an offense report prepared by an unidentified officer regarding a robbery that had allegedly occurred on December 12, 1998. According to Detective Johnson, the offense report indicated that the victim of the robbery had stated that Goodgain and another individual had come to her home and had robbed her a gunpoint, taking $500 in cash and a necklace. Detective Johnson stated that after he received the offense report, he conducted a live lineup and a photographic lineup as part of his investigation of the robbery. He testified that the victim identified Goodgain in the live lineup, and the victim’s daughter, who was present during the robbery, identified Goodgain in the photographic lineup. Detective Johnson said that on December 17, 1998, he obtained an arrest warrant for Good-gain for the crime of robbery in the first degree. No other evidence was offered at the hearing to support the allegation in the probation officer’s delinquency report. At the time of the revocation hearing, Goodgain had yet to be tried on the robbery charge.”
755 So.2d at 592.
The Court of Criminal Appeals stated: “ ‘It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be “reasonably satisfied from the evidence that the probátioner has violated the conditions of his probation.” ’ ” 755 So.2d at 592 (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984), quoting in turn Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975)). However, the Court of Criminal Appeals also stated: “[H]earsay evidence may not form the sole basis for revoking an individual’s probation.... ‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.’ ” 755 So.2d at 592 (quoting Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App.1995)).
The Court of Criminal Appeals in Good-gain determined that “the only evidence that Goodgain violated his probation by committing another crime was Detective Johnson’s hearsay testimony regarding the statements of the robbery victim contained in the offense report and regarding the' lineup identifications of Goodgain by the victim and her daughter.” Goodgain, 755 So.2d at 592. The Court of Criminal Appeals concluded:
“Because the State failed to present any evidence, other than the hearsay testimony of Detective Johnson, indicating that Goodgain had, in fact, committed the alleged robbery, the trial court erred in revoking Goodgain’s probation. Accordingly, the trial court’s order revoking Goodgain’s probation is reversed and this cause is remanded for the court to hold another revocation hearing.”
755 So.2d at 593.
Here, the State acknowledges that it “relied on hearsay evidence” in the revocation hearing, but it argues that “it corroborated the hearsay evidence when it relied on nonhearsay evidence — Gibbons’s testimony regarding the testing that she performed on the blood sample that ultimately matched Dunn’s profile that was stored in a database containing DNA profiles from felons and misdemeanors throughout the *1006 State.” State’s brief, at 11. However, the State provided no nonhearsay evidence, from Gibbons or anyone else, as to where the pants from which the blood sample was taken were found or connecting those pants to the robbery. Gibbons testified that the evidence-submission form indicated that “there was clothing that was found discarded along with [Olensky’s] stolen property next door from the scene,” but she had no personal knowledge of that discovery. Detective Shirey testified that Officer McKinley had found the pants, but Detective Shirey had no personal knowledge as to where they had been found. No testimony from Officer McKinley was offered at the revocation hearing. Thus, as was the case in Goodgain, the only evidence connecting Dunn to the alleged commission of the robbery was hearsay evidence.
The State cites Ware v. State, [Ms. 1100963, January 17, 2014] — So.3d -, - (Ala.2014), in'support of its argument that the “hearsay evidence was supported by nonhearsay evidence.” State’s brief, at 11. In Ware, lab technicians performed DNA testing on a rape kit, but it was a lab supervisor who testified at trial as to the procedures for and results of the testing. Ware argued that allowing the supervisor to testify violated his Sixth Amendment right to confront witnesses against him, because, he argued, he could not cross-examine the lab technicians who had actually performed the testing. This Court rejected that argument, concluding that “the Confrontation Clause was satisfied by the testimony of [an employee] who supervised and reviewed the DNA testing.” — So.3d at -.
Ware is inapposite here. Dunn has not alleged any claims in this Court regarding the admissibility of Gibbons’s DNA testimony linking the blood on the pants to him. Instead, he argues that her testimony could not corroborate the notation on the evidence-submission form as to where those pants were found or Detective Shi-rey’s hearsay evidence linking Dunn to the burglary. The corroboration of alleged hearsay evidence was not at issue in Ware, nor is the admissibility of the evidence presented at the revocation hearing at issue here. Thus the State’s reliance on Ware is misplaced.
As noted previously, the State has not corroborated by nonhearsay evidence the hearsay evidence connecting the pants, and by extension Dunn, to the burglary. Thus, as in Goodgain, “the State failed to present any evidence, other than the hearsay testimony of Detective [Shirey], indicating that [Dunn] had, in fact, committed the alleged [burglary],” 755 So.2d at 593, and the Court of Criminal Appeals’ decision, affirming the trial court’s judgment, conflicts with Goodgain. For the foregoing reasons, we reverse the Court of Criminal Appeals’ judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. We note that neither the petition nor the respondent’s brief includes the first names of some of the officers involved.