On Remand from the Alabama Supreme Court

JOINER, Judge.
Chase Andrew Dunn pleaded guilty, on October 14, 2010, to first-degree assault. See § 13A-6-20, Ala.Code 1975: The Mobile Circuit Court sentenced Dunn to 10 years’ imprisonment and split that sentence, ordering Dunn to serve 2 years in prison followed by 3 years’ probation. Dunn’s probation was revoked in May 2013, and this Court, in an unpublished memorandum, affirmed the revocation of Dunn’s probation. See Dunn v. State (No. CR-12-1223, Aug. 23, 2013), — So.3d - (Ala.Crim.App.2013) (table). Dunn then petitioned the Alabama Supreme Court for certiorari review. Oh June 6, 2014, the Alabama Supreme Court reversed this Court’s judgment. Ex parte Dunn, 163 So.3d 1003 (Ala.2014).
In its order revoking Dunn’s probation, the circuit court stated that it was “ ‘reasonably satisfied that Mr. Dunn violated the terms and conditions of his probation in that he participated in a burglary that took place on or about January 1, 2012.’ ” Ex parte Dunn, 163 So.3d at 1004 (quoting the circuit court’s order). The Alabama Supreme Court held, however, that the revocation of Dunn’s probation on the basis stated by the circuit court was erroneous because, the Court held, “ ‘the State failed to present any evidence, other than ... hearsay testimony ..., indicating that [Dunn] had, in fact, committed the alleged [burglary].’ ” Ex parte Dunn, 163 So.3d at 1005 (quoting Goodgain v. State, 755 So.2d 591, 593 (Ala.Crim.App.1999)).
In accordance with the directions of the Alabama Supreme Court, we reverse the circuit court’s order revoking Dunn’s probation, and we remand the case to the circuit court for proceedings consistent with the Alabama Supreme Court’s opinion in Ex parte Dunn, supra.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.