*1149
On Application for Rehearing •

JOINER, Judge.
This Court’s opinion iss.ued on February 6, 2015, is -withdrawn, and the following opinion is substituted therefor.
Diontez Jamel Moore appeals his probation revocation. We reverse and remand.
In August 2008, Moore was indicted for murder, see § 13A-6-2, Ala.Code 1975, and, after he pleaded guilty, Moore was sentenced to 20 years’ imprisonment; that sentence was split, and he was ordered to serve 5 years’ imprisonment followed by 5 years’ probation. On November 1, 2013, Moore was arrested and charged with first-degree unlawful possession of marijuana, see § 13A-12-213, Ala.Code 1975. On June 20, 2014, Moore was served with a delinquency report alleging that Moore had violated the terms of his probation by being arrested on the new offense’ as well as failing to pay court costs and supervision fees. - (R. 3, 25-26.) A probation-revocation hearing — at which Moore was represented by appointed counsel — was held on July 24, 2014.
At the hearing, the State’s witness Officer Casey Leonard testified that on October 31, 2013, he was “backing up” another officer on the scene Of a traffic stop. Officer Leonard testified that the officers “had [them] lights going.” At some point, Officer Leonard, observed a vehicle coming down Sharpsburg Drive toward the traffic stop. . Upon seeing the traffic stop, the vehicle “came to an abrupt stop in the roadway and rapidly reversed in the opposite direction.” As a result, Officer Leonard and the other officers proceeded to stop the vehicle. The passenger of the vehicle was immediately apprehended, while the driver of the vehicle, later identified as Moore, fled through the woods and into the backyard of a house. As he entered the backyard, Officer Leonard saw Moore underneath the back porch of the hóuse. Officer Leonard thereafter placed Moore into custody, and the two returned to the vehicle.'- Moore was identified as the driver of the vehicle, which officers determined belonged to Moore’s girlfriend. While' Officer Leonard was in pursuit of Moore, Officer Thompson searched the vehicle and found a bag of marijuana, along with a set of scales, in the center console. Officer Thompson also found a pistol between the console and' the 'driver’s seat.
In his defense, Moore testified that he did not know that there was marijuana or a gun in the vehicle and that he was not the driver of the vehicle.
After the circuit court received, all the evidence, the fpllowing exchange ensued:
“[Defense counsel]: Okay. Your Hon- or, I think the charges against Mr. Moore for this probation revocation [are] .possession of marijuana and failure to pay court-ordered monies.
“[The Court]: I’m not worried about the money.
“[Defense counsel]: Right, And I figured, Your Honor, since the probation officer wasn’t here that—
“[The Court]: They always throw all that stuff ip there.
“[Defense counsel]: So really what we’re'looking at is the marijuana. And I know the Court can consider testimony from the officer. But there are numerous cases from the Court of Appeals and Supreme Court that say hearsay is not enough to revoke someone’s probation. Officer Leonard got on the stand and testified—
“[The Court]: Total hearsay.
“[Defense counsel]: Sir?
“[The. Court]: Total hearsay is not sufficient. You can have hearsay. Just everything can’t be based on all hearsay.
“[Defense counsel]: Right. So our charge today is marijuana in the vehicle. You heard Officer-Leonard testify that *1150 they found the marijuana. He testified that he did not find the marijuana on my client. He testified that he didn’t see the marijuana in the car. So while we might assume there was marijuana in the car, he didn’t testify to that. He doesn’t know that.
“[The Court]: Well, he knows what the other officers found. They all work for the same jurisdiction..
“[Defense counsel]: Right, Your Hon- or. But he only based on hearsay knows where the marijuana would have come from.
“[The Court]: I understand. But that’s still evidence in this case.
“[Defense counsel]:- But it’s not sufficient to revoke probation, Your Honor.
“[The Court]: I disagree with you;
“[Defense counsel]: Well, Your Hon- or, I understand. But my reading of the caselaw says that hearsay alone is not enough to revoke probation.
“[The Court]: There’s more than just hearsay in the case. You have the officer testify he found him hiding under the porch.
“[Defense counsel]: With no illegal substances, no gun, no,drugs.
“[The Court]: It’s all back in the car that he’s driving. I don’t buy this story about a third person.
“[Defense counsel]: All we know from the officer is that the other officers had the drugs. We don’t know if they were actually found in the car or not.
“[The Court]: Well, you can argue that to the Court of Criminal Appeals. You’re not going to win that argument with me, quite frankly. '
“I’m reasonably satisfied he’s the one driving the car. It’s his girlfriend’s car. The gun is wedged between the driver’s seat and the console. There are scales in there. The only reason they - need scales is because they’re selling the stuff. I’m surprised he’s not charged with another felony of ex-con in possession of a firearm with him driving the car and it wedged between the driver’s seat and the console. But that’s up to the charging authority in this case. But I’m reasonably satisfied that he possessed these things, including the gun. And I’m going to revoke his probation based on the fact he’s committed a new offense in my opinion. So that’s going to be my ruling.-
“And I don’t know anything — I can’t split his sentence again. So all I can do is put his total sentence in to effect, the remainder of it, because he doesn’t qualify for anything like community corrections or any of that stuff. I don’t really know what else I can do with him.
“[Defense counsel]: I think that’s it. Your Honor.
“[The Court]: I do too.”
(R. 25-29.) The same day, the circuit court issued an order revoking Moore’s probation. (C. 7-8.). Moore appeals.
On appeal, Moore argues that “the order of the trial court revoking [his] probation is due to be set aside[ ] because it is based upon hearsay alone.” (Moore’s brief, p. 8.) Moore argues that “the testimony in this case is based entirely on hearsay statements related by an officer without personal knowledge of the facts.” (Moore’s brief, p. 14.) Moore argues that “[t]he State has failed to present -sufficient non-hearsay evidfence.” (Moore’s brief, pp-. 20-21.) We agree.
In English v. State, 164 So.3d 627 (Ala.Crim.App.2014), this Court held:
“In [Ex parte] Dunn, 163 So.3d 1003 (Ala.2014), the appellant argued that ‘the only evidence .connecting the clothing to the burglary for which Dunn’s probation was sought to be revoked was hearsay and that the trial court’s decision was based entirely on hearsay and the Court of Criminal Appeals’ affirmance of that *1151 decision conflicts with Goodgain [v. State, 755 So.2d 591, (Ala.Crim.App.1999)].’ 163 So.3d at 1004. The Alabama Supreme Court agreed with Dunn and stated:
“ ‘In Goodgain, the defendant, William Lindsey Goodgain, appealed the revocation of his probation, arguing that it was based on hearsay evidence that he had committed a new criminal offense of robbery. The Court of Criminal Appeals noted:
“ ‘ “At the revocation hearing, the State presented one witness: Gregory Johnson, a detective with the Birmingham Police Department. Detective Johnson testified that on December 13, 1998, he received an offense report prepared by an unidentified officer regarding a robbery that had allegedly occurred on December 12, 1998. According to Detective Johnson, the offense report indicated that the victim of the robbery had stated that Goodgain and another individual had come to her home and had" robbed her a gunpoint, taking $500 in cash and a necklace. Detective Johnson stated that after he received the offense report, he conducted a live lineup and a photographic lineup as part of his investigation of - the robbery. He testified that the victim identified Goodgain in the live lineup, and the victim’s daughter, who was present during the robbery, identified Goodgain in the photographic lineup. Detective Johnson said that on December 17, 1998, he obtained an arrest warrant for Goodgain for the crime of robbery in the first degree. No other evidence was offered at the hearing to support the allegation in the probation officer’s delinquency report. At the time of the revocation hearing, Goodgain had yet to be tried on the robbery charge.”
‘755 So.2d at 592.
“‘The Court of Criminal Appeals stated: “ ‘It is not necessary in a probation revocation hearing'to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be “reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.” ’ ” 755 So.2d at 592 (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984), quoting in turn Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975)), However, the Court of Criminal, Appeals also stated: “[H]earsay evidence may not form the sole basis for revoking an individual’s probation.... ‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer .the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.’” 755 So.2d at 592 (quoting Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App.1995)).
“ ‘The Court of Criminal Appeals in Goodgain determined that “the only .evidence that Goodgain violated his probation by committing another crime, was Detective Johnson’s hearsay testimony regarding- the statements of the robbery victim contained in the offense report and regarding the lineup identifications of Goodgain by the victim and her daughter.” Goodgain, 755 So.2d at 592. The Court of Criminal Appeals concluded:
“ ‘ “Because the State failed to present any evidence, other than the hearsay testimony of Detective Johnson, indicating. that Goodgain had, in fact, committed the alleged *1152 robbery, the trial court erred in revoking Goodgain’s probation. Accordingly, the trial court’s order revoking Goodgain’s probation is reversed and this cause is remanded for the court to hold, another revocation hearing.’ ”
“ ‘755 So.2d at 598.’
“Dunn, 163 So.3d at 1005.
“The Alabama Supreme Court then held:
“-‘Here, the State acknowledges that it “relied on hearsay evidence”' in the revocation hearing, but it argues that “it corroborated the hearsay evidence “’when it relied on nonhearsay evidence — Gibbons’s testimony regarding the testing that she performed bn the blood sample that ultimately matched Dunn’s profile that was stored in a database containing DNA profiles from- felons and misdemeanors throughout the state." State’s brief, at 11. However, the ■ State provided no nonhearsay evidence, from Gibbons or anyone else, as to where the pants from which the blood sample was taken were found or connecting those pants to the robbery. Gibbons testified that the- evidence-submission form indicated that'“there was clothing that was found discarded along with [Glen-sky’s] stolen property next door from the scene,” but she had no personal knowledge of that discovery. Detective Shirey testified that Officer McKinley had found the pants, but Detective Shirey had no personal ■ knowledge as to where they had been found. ■ No testimony from Officer McKinley was offered at the revocation hearing. Thus, as was the case in Goodgain, the only evidence connecting Dunn to the alleged commission of the robbery was hearsay evidence.

"'....

“ ‘As noted, previously, the State has not corroborated by nonhearsay evidence the hearsay evidence connecting the pants, and by extension Dunn, to the burglary. Thus, as in Good-gain, “the State failed to present any evidence, other than the hearsay testimony of Detective [Shirey], indicating that [Dunn] had, in fact, committed the alleged [burglary],” 755 So.2d at 593, and, the Court. of Criminal Appeals’ decision, affirming the trial court’s Judgment, conflicts with Good-gain. For the foregoing reasons, we reverse the Court of Criminal Appeals’ judgment and remand,the cause for further proceedings consistent with this opinion.’
“163 So.3d 1003. Based on the Alabama Supreine Court’s holding in Dunn, we must agree .with English’s argument that the State has not presented any nonhearsay: evidence to corroborate the hearsay, testimony of Assistant Chief Davis. The only evidence connecting English to the. alleged burglary and thefts was the hearsay testimony of Assistant Chief Davis. Accordingly, we reverse the circuit court’s order revoking English’s probation, and we remand the case to the circuit court for proceedings consistent with., the Alabama Supreme Court’s opinion in Ex parte Dunn, supra.”
English, 164 So.3d at 631.
In the present ease, as in Ex parte Dunn, 163 So.3d 1003 (Ala.2014), and English, the State failed - to. present, other thán the hearsay testimony of Officer Leonard, any nonhearsay evidence connecting Moore to the marijuana that he has been charged with possessing. Although the circuit judge had corréctly recounted the previous rule — that' “hearsay evidence may not form the sole basis for revoking an individual’s probation” — recognized in decisions such as Sams v. State, *1153 48 So.3d 665 (Ala.2010), “[b]ased, on the Alabama Supreme Court’s holding in Dunn, we must agree with [Moore’s] argument that the State has not presented any nonhearsay evidence to corroborate the hearsay testimony of [Officer Leonard].” English, 164 So.3d at 631. Because only the hearsay testimony of Officer Leonard linked Moore to the marijuana, the circuit court erred in revoking Moore’s probation.[1] Accordingly, the circuit court’s order revoking, Moore’s probation is. reversed, and this cause is-remanded for the court to hold another revocation hearing.
APPLICATION OVERRULED; OPINION OF FEBRUARY 6,- 2015, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
WELCH and KELLUM, JJ., concur.
WINDOM, P.J., dissents.
BURKE, J., dissents, with opinion.

. The State argues for the first time on rehearing that it presented circumstantial evidence that Moore "constructively, possessed” the marijuana found in the vehicle and that, therefore, the circuit court did not abuse its discretion in revoking Moore’s probation. (State’s rehearing brief, p. 5.) The State specifically argues that .the testimony ,of defense witnesses Moore and Darzhon Robinson indicated that Moore was present in the vehicle, which belonged to Moore’s girlfriend, and that that evidence-shows that Moore had "dominion and control" over the vehicle in which the marijuana was found. (State’s rehearing brief, pp. 11-13.) Thus, the State argues that, under the totality of the circumstances, this evidence of Moore’s “knowledge” of the marijuana, .coupled with his flight, "was .surely sufficiently nonhearsay to support the revocation.” (State’s rehearing brief, pp. 12-13) (Emphasis in original). We disagree. Initially, we note:
"In Water Works & Sewer Board of City of Selma v. Randolph, 833 So.2d 604, 608-09 (Ala.2002), the Alabama Supreme Court stated:
" ‘The well-settled rule of-this Court precludes consideration of arguments made for the first time on rehearing. See Ex parte Lovejoy, 790 So.2d 933, 938-39 (Ala.2000), where this Court stated:
" ‘ "Vesta raises for the first time in its application for rehearing the argument that it is a third-party beneficiary of the retail installment contract between Lovejoy and Allen Motor Company. ‘We can not sanction the practice of bringing up new questions for the first time, in an ex parte application for rehearing.’ Robinson v. Allison, 97 Ala. 596, 604, 12 So. 604 (1893)(on application for íéhearing), ‘We cannot sanction the practice of bringing up new questions for the first time in application for rehearing.’ Kirkland v. Kirkland, 281 Ala. 42, 49, 198 So.2d 771, 777 (1967)(on application for rehearing). , ‘We cannot sanction the practice of bringing up new questions for the first time in applications for rehearing. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 735, 310 So.2d 210, 212 (1975)(on application for rehearing). ‘New supporting arguments presented for the first time on rehearing generally will not be considered.’ Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251, 253 (Ala.1985)(on application for rehearing). ‘[Tjhis argument was raised for the first time on application for rehearing, and therefore will not be considered.’ Schulte v. Smith, 708 So.2d 138, 141 n. 2 (Ala.1997)(on application for rehearing).” ’ ”
Ward v. State, 105 So.3d 449, 452 n. 1 (Ala.Crim.App.2012.).
Even after, considering- its argument, we cpnclude that the State.still has provided no nonhearsay evidence as to where the marijuana was found or connecting that marijuana to Moore. Indeed, the State presented only the hearsay testimony of Officer Leonard, who testified that Officer Thompson searched the vehicle and that Officer Thompson found a bag of marijuana in the center console. (C. 9.) Consequently, Officer Leonard "had no personal knowledge as to where [the marijuana] had been found.” Dunn, 163 So.3d 1003. Thus, as was the case in Dunn and English, 164 So.3d 627, the State has not presented nonhearsay evidence sufficient to corroborate the hearsay evidence in this case.