BURKE, Judge.
T.D.M. appeals the circuit court’s revocation of his probation.[1]
T.D.M. allegedly violated the terms and conditions of his probation. On May 25, 2016, the circuit court held a probation-revocation hearing. The record from the revocation hearing reveals that T.D.M. was charged with violating his probation by failing to report to his court-referral officer (“CRO”), failing to pay “CRO fees,” failing to report “to CRO since August of 2015,” and obtaining a new arrest for'the charges of attempted murder and burglar ry. (R. 6.) At the hearing, the following occurred regarding whether T.D.M. would admit his violations:
“[T.D.M.’s counsel:] We would admit the technical violations of failure to report, failure to pay, failure since August of 2016—don’t know how that is; I think it must be a typo there.
“[State:] 2015.
“[T.D.M.’s counsel:] Then, we admit.
“THE COURT: And you are denying as to the underlying facts of the new arrest. Is he admitting the arrest or is he admitting any of it?
“[T.D.M.’s counsel:] He has been arrested, Your Honor, but we deny.
“THE COURT: The underlying facts?
“[T.D.M.’s counsel:] Yes, sir.”
(R. 6-7.)
The State called Sgt. Matthew Jernigan with the Criminal Investigations Unit of the Escambia County Sheriffs Office to testify at the hearing. Sgt. Jernigan testified that on November 28, 2015, the Es-cambia County Sheriffs Office received a complaint from Atmore Community Hospital of a gunshot victim who had been admitted to the hospital and, through the sheriff’s investigation, they had determined that Derrick Staples had obtained one gunshot wound to the back. Staples advised the officers that T.D.M. and three other individuals had unlawfully entered his residence and demanded cash. Staples told investigators that, as he was fleeing from his own residence, T.D.M. discharged a firearm and shot him in the back. According to Sgt. Jernigan, Staples also picked T.D.M. out of a photographic lineup as the person responsible for discharging the firearm and shooting him in the back, and Staples was also able to identify the other three men that had broken into his home. Sgt. Jernigan testified that, during *207 the investigation, an interview was conducted with each of the- other three individuals involved in the incident. All three of the other individuals admitted to the officers that they all went to Staples’s residence and that T.D.M. discharged the firearm during the burglary.' Staples also informed officers that, during the flight from his residence, he saw a silver Pontiac Grand Prix automobile outsidé his residence, which he believed was commonly driven by T.D.M. Sgt, Jernigah also stated that officers spoke with T.D.M.’s grandmother, who stated that T.D.M/commonly drove a silver Pontiac Grand Prix.
Following the State’s presentation of its evidence, T.D.M.’s counsel argued that T.D.M.’s probation could not be revoked because all the testimony presented at the probation hearing was hearsay. At the-con-, elusion of the hearing, the court stated:
“THE COURT: All.right. Having considered the evidence presented at this hearing, I am satisfied that the defendant has, in fact, violated the terms and conditions of his probation. I am also satisfied that those violations are, in fact, not eligible to or at least some of them are -not eligible to be treated as technical violations.
“Based on the nontechnical’violations which I am reasonably satisfied occurred, I am revoking his probation. [T.D.M.], I am going to impose the previous sentence of 3 years to be served in the State penitentiary. I- am going to remand you to the custody of the Department of Corrections to be held in the Baldwin County Jail pending your transfer to them.
“[T.D.M'.’s counsel:] Your Honor, might I ask what were the nontechnical violations that the Court found?. .
“THE COURT: The new arrest and charges of attempted murder and burglary, which I am reasonably . satisfied based on the evidence I heard as to those allegations.”
(R. 13-14.) After the hearing, the circuit court entered a written order revoking T.D.M.’s probation, which stated, in pertinent part, the following:
“Defendant _X_ ADMITS _X_ DENIES the testimony taken from: Matthew Jernigan. Escambia County S.O.
“Denies New Arrest Facts Based on Charges of Attempted Murder [and] Burglary.
“Based on-the above, the Court is reasonably satisfied of the Defendant’s violation- of Probation.”
(C. 5.)
On appeal, T.D.M. argues that the evidence was insufficient because, he says, the .circuit, court relied solely on hearsay eyidence to revoke his probation.
“ “Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition, of probation need not be proven beyond a reasonable doubt.” ’ •
“Martin v. State, 46 Ala.App. 310, 312, 241 So.2d 339, 341 (Ala. Crim. App. 1970) (quoting State v. Duncan, 270 N.C. 241, 154 S.E.2d 53 (1967)(citation omitted)). Under that standard, the trial court need ‘only be reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.’ Armstrong v. State, 294 Ala. 100, 103, 312 So.2d 620, 623 (1975). Absent a clear abuse of discretion, a reviewing court will not disturb the trial court’s conclusions. See Moore v. State, 432 *208 So.2d 552, 553 (Ala. Crim. App. 1983), and Wright v. State, 349 So.2d 124, 125 (Ala. Crim. App. 1977).”
Ex parte J.J.D., 778 So.2d 240, 242 (Ala. 2000).
“‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(c), Ala. R. Evid. In Askew v. State, 197 So.3d 547, 548-49 (Ala. Crim. App. 2015), this Court stated:
“This Court has consistently held that ‘[w]hile hearsay evidence is admissible in a revocation proceeding it may not serve as the sole basis of the revocation.’ Beckham v. State, 872 So.2d 208, 211 (Ala. Crim. App. 2003); see also Brazery v. State, 6 So.3d 559, 562 (Ala. Crim. App.2008)(‘ “It is well settled that hearsay evidence may not form the sole basis for revoking an individual’s probation.” ’ (quoting Goodgain v. State, 755 So.2d 591, 592 (Ala. Crim. App. 1999))); Clayton v. State, 669 So.2d 220, 222 (Ala. Crim. App. 1995)(same); English v. State, 164 So.3d 627, 631-32 (Ala. Crim. App. 2014) (‘Based on the Alabama Supreme Court’s holding in [Ex parte] Dunn[, 163 So.3d 1003 (Ala. 2014)], we must agree with English’s argument that the State has not presented any nonhearsay evidence to corroborate the hearsay testimony of Assistant Chief Davis. The only evidence connecting English to the alleged burglary and thefts was the hearsay testimony of Assistant Chief Davis. Accordingly, we reverse the circuit court’s order revoking English’s probation, and we remand the case to the circuit court for proceedings consistent with the Alabama Supreme Court’s opinion in Ex parte Dunn, supra.’); Wescovich v. State, 142 So.3d 1276, 1279 (Ala. Crim. App. 2013)(‘In the instant case, as in Goodgain, the State presented only hearsay evidence to support a finding that the probationer had violated the terms and conditions of his probation by committing a new offense... .Because the State did not present sufficient non-hearsay evidence indicating that Wescovich had committed a new criminal offense, the circuit court erred in revoking Wescovich’s probation.’); Vaughn v. State, 37 So.3d 183, 186 (Ala. Crim. App. 2009)(holding that fact that charges have been filed against probationer does not overcome fact that trial court based revocation order solely on hearsay); accord Ratliff v. State, 970 So.2d 939, 941-42 (Fla. Dist. Ct. App. 2008)(stating that, ‘“[w]hile probation may be revoked based on a combination of hearsay and nonhearsay evidence, when the State seeks to revoke probation based on the commission of new offenses, it must present direct, non-hearsay evidence linking the defendant to the commission of the offense at issue,”’ and holding that the trial court abused its discretion by revoking the appellant’s probation because the State failed to present ‘non-hearsay evidence establishing the essential elements of the criminal offenses at issue’ (quoting Johnson v. State, 962 So.2d 394, 396-97 (Fla. Dist. Ct. App. 2007))).”
Additionally, this Court has stated:
“‘The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.’ Clayton [v. State], 669 So.2d [220] at 222 [(Ala.Crim.App.1995)].”
Goodgain v. State, 755 So.2d 591, 592 (Ala. Crim. App. 1999).
We initially note that, in the present case, although T.D.M. admitted to the technical violations of failing to report to his CRO and failure to pay money owed, *209 the record from T.D.M. s revocation hearing and the circuit court’s written revocation order indicate that the circuit court revoked T.D.M.’s probation solely based on the new offenses. T.D.M.’s probation could not have been fully revoked based on the technical violations. See § 15-22-24(e)(1), Ala. Code 1975. Although T.D.M. admitted that he had been arrested, he denied the underlying facts of the new.arrest. This Court has held that “a ‘mere arrest’ or the filing of charges is an insufficient basis for revoking probation.” See Gates v. State, 629 So.2d 719 (Ala. Crim. App. 1993)(citing Roberson v. State, 572 So.2d 1323 (Ala. Crim. App. 1990)). See also Allen v. State, 644 So.2d 45 (Ala. Crim. App. 1994).
Because the State failed to present any nonhearsay evidence to prove that T.D.M. had violated the terms and conditions of his probation by committing the new offenses, the circuit court erred in revoking T.D.M.’s probation. See Beckham v. State, 872 So.2d 208, 211 (Ala.Crim.App.2006). Accordingly, this Court reverses the circuit court’s order of May 25, 2016, revoking T,D.M.’s probation and remands this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Windom, P.J., and Welch and Joiner, JJ., concur. Kellum, J., not sitting.

. The State suggests in its brief that T.D.M, was adjudicated as a youthful offender for possession a controlled substance and was sentenced to a three-year sentence and that his sentence was suspended and he was placed on probation. However, the record in this case is unclear as to the exact date and nature of T.D.M.’s underlying conviction and sentence.