Rel: December 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

_____

### CR-2024-0472

_____

### Jackie Lebaron Ruffin, Jr.

### v.

### State of Alabama

### Appeal from Mobile Circuit Court
### (CC-23-2548.70, CC-23-2549.70, and CC-22-2607.70)

WINDOM, Presiding Judge.

Jackie Lebaron Ruffin, Jr., appeals the revocation of his probation by the Mobile Circuit Court.

On May 7, 2024, Ruffin's probation officer filed a delinquency report alleging that Ruffin had violated the terms and conditions of his

probation by committing the new offenses of third-degree theft, attempting to elude, first-degree domestic violence (first-degree burglary), and third-degree domestic violence (third-degree assault).

On May 28, 2024, the circuit court conducted a probation-revocation hearing. The circuit court opened the hearing by asking Officer Spear of the Mobile Police Department about which alleged violation he was prepared to testify; Off. Spear answered that he was prepared to testify about the domestic-violence allegation. After defense counsel affirmed to the circuit court that they desired a hearing on the domestic-violence allegation, the State asked the circuit court to take judicial notice that the Mobile District Court had found probable cause in Ruffin's preliminary hearing on the criminal charge underlying the domestic-violence allegation. The circuit court questioned defense counsel about the State's assertion, and defense counsel conceded that the criminal charge had been bound over to the grand jury. See Rule 5.4(b), Ala. R. Crim. P.

The circuit court discussed the other allegations with the parties but elected not to proceed on those because the State had not produced a

witness in support of the allegations. The circuit court then returned to the domestic-violence allegation:

> Court: "The Court is going to take judicial notice regarding charge number three on the delinquency report, violation of state, federal, or local law, specifically domestic violence first degree, burglary first. I have an officer here in court who would be prepared to testify; however, he has already testified in district court, and the district court judge bound that case over to the grand jury. The Court will take judicial notice, like I said, of that, of reasonable satisfaction as to that charge.
>
> "….
>
> "Okay. Somebody give me a summary about this [domestic violence] first so I don't have to read this very long narrative."
>
> State: "Judge, the Defendant was yelling at the door to get into the victim's home. The victim tried to keep the door shut. He grabbed – Was it a shotgun?"
>
> Off. Spear: "A BB gun."
>
> State: "He grabbed a BB gun, forced his way inside and he assault the victim. I have photographs, Judge, if you would like to –"
>
> Court: "Were they admitted down in district [court]?"
>
> State: "Did they enter these photographs; do you remember?"
>
> Off. Spear: "I'm not too sure."

3

Court:   "Any objection to those being admitted, [defense counsel]?"

Defense:   "Judge, I would object. It's hearsay at this point. I believe – At the preliminary hearing, I don't believe the victim testified or was in court."

Court:   "If they're not, I don't want to go beyond the parameters of what happened in district [court]."

State:   "I understand."

Court:   "Okay. But you would contend that there were injuries?"

State:   "There were severe injuries, Judge, yes, that he inflicted upon her."

Court:   "And what was the relationship?"

State:   "They were in a romantic relationship on and off, Judge. The victim sustained pretty bad wounds to her forehead, nose, and her chin, a laceration on her right arm. The victim and the defendant have been together about five years."

Court:   "All right. [Defense counsel], what do you want to say in support of your client today?"

Defense:   "Judge, I think, at this point in time, the Court only has hearsay evidence. The case was bound over to the grand jury, I do acknowledge that, but the victim was not there at the preliminary hearing to testify and is not here today. I would say all the Court has today is hearsay evidence, and that is not enough to revoke his probation."

Court: "All right. I appreciate your argument; however, I can assume that the district court judge who heard the case performed his or her obligation to be sure there was non-hearsay evidence to support probable cause. You observed the injuries, Officer? Officer, did you observe the injuries on this young lady?"

Off. Spear: "Yes, ma'am, I did."

Court: "All right. Very good. All right. The Court is reasonably satisfied, based on the information, the statements that I previously made; therefore, I fully revoke Mr. Ruffin's probation."

(R. 6-9.)

The circuit court issued a written order on May 29, 2024, memorializing its decision to revoke Ruffin's probation based on his committing the new offense of first-degree domestic violence (first-degree burglary). On June 5, 2024, Ruffin filed a postjudgment motion asserting that the proceeding conducted on May 28, 2024, did not comport with minimal due process and did not constitute a probation-revocation hearing. That motion was denied by the circuit court the following day.

Ruffin reasserts on appeal the claims he raised below – that the circuit court failed to hold a revocation hearing that comported with the due-process protections outlined in Rule 27.6, Ala. R. Crim. P., and that

5

the circuit court relied solely on hearsay evidence in revoking his probation. This Court holds that either claim would entitle him to relief.

Initially, this Court notes that a hearing was required. "[A] person may waive his right to a revocation hearing if he 'has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon' and he 'admits, under the requirements of Rule 27.6(c), [Ala. R. Crim. P.,] that he committed the alleged violation.' Rule 27.5(b), Ala. R. Crim. P." Wilkerson v. State, 372 So. 3d 573, 579 (Ala. Crim. App. 2022). Ruffin did not admit to any of the alleged violations but, rather, specifically requested a hearing.

The Alabama Supreme Court set forth in Armstrong v. State, 294 Ala. 100, 102, 312 So. 2d 620, 622 (1975), the minimal due-process requirements that must be met before probation can be revoked, and those requirements have been incorporated into Rule 27.6, Ala. R. Crim. P.

> "The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfinders as to

6

the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R. Crim. P.  See Armstrong v. State, 294 Ala. 100, 312 So. 2d 620 (1975); Hernandez v. State, 673 So. 2d 477 (Ala. Cr. App. 1995)."

Hollins v. State, 737 So. 2d 1056, 1057 (Ala. Crim. App. 1998).

Ruffin asserts that the circuit court failed to hold a probation-revocation hearing, which violated his right to due process.  This Court finds support for Ruffin's position in D.L.B. v. State, 941 So. 2d 324 (Ala. Crim. App. 2006).  This Court described the proceedings in D.L.B. as follows:

"A brief hearing was held on July 13, 2005.  Present before the court were D.L.B. and his counsel, the prosecuting attorney, and one of the arresting officers.  After hearing argument from the prosecutor and defense counsel, the circuit court revoked D.L.B.'s probation.  No testimony was taken at the hearing, after the State conceded that the officer present for the hearing could not 'actually place the drugs' and that the other arresting officer – the one who actually found the drugs – was on vacation.  The court noted that it was revoking D.L.B.'s probation based on the State's representation (R. 6)."

941 So. 2d at 325.

This Court stated that, "[a]lthough the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.'s probation without hearing testimony from any State's witnesses and without allowing D.L.B. an opportunity to be

7

heard." <u>D.L.B.</u>, 941 So. 2d at 326. Further, "[b]ecause the circuit court revoked D.L.B.'s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing." <u>Id.</u>

The record here presents a similar set of facts – the circuit court heard from no witnesses and instead learned of the domestic-violence allegations through the unsworn assertions of the State and Off. Spear. "This Court has … repeatedly recogniz[ed] that if a probationer does not admit his violations, there is no waiver, and, if there is no waiver and no evidence is presented, then whatever 'hearing' occurred is 'no hearing' at all." <u>Mulkey v. State</u>, [Ms. CR-2022-1234, Aug. 23, 2024] ___ So. 3d ___, ___ (Ala. Crim. App. 2024).

The State asserts that this case is distinguishable from <u>D.L.B.</u> because the circuit court relied on a finding in the district court of probable cause in a preliminary hearing in the criminal case underlying the alleged probation violation. Yet, the problem with this type of evidence, to the extent it could be called such, is that, like the circuit court's relying on the arguments of counsel in <u>D.L.B.</u>, it denied Ruffin the

8

opportunity in the circuit court to confront or to cross-examine the witnesses adverse to him.  See Rule 27.6(d)(1), Ala. R. Crim. P.  Thus, this Court finds the State's attempt to distinguish D.L.B. unavailing.

This Court holds that Ruffin was denied his right to a probation-revocation hearing and that he is entitled to a reversal of the circuit court's order revoking his probation.  Even so, we must address his second claim – that his probation was revoked based solely on hearsay – because that issue may arise in subsequent proceedings.

"[T]he formality and evidentiary standards of a criminal trial are not required in parole revocation hearings."  Puckett v. State, 680 So. 2d 980, 981-82 (Ala. Crim. App. 1996).  "'It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence.  Rather, the lower court need only be "reasonably satisfied from the evidence that the probationer has violated the conditions of his probation."'"  Goodgain v. State, 755 So. 2d 591, 592 (Ala. Crim. App. 1999) (quoting Mitchell v. State, 462 So. 2d 740, 742 (Ala. Crim. App. 1984), quoting in turn Armstrong v. State, 294 Ala. at 103, 312 So. 2d at 623).  "However, 'hearsay evidence may not form the sole basis for revoking an individual's probation ....  "The use of hearsay

as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation."'" Ex parte Dunn, 163 So. 3d 1003, 1005 (Ala. 2014) (quoting Goodgain, 755 So. 2d at 592, quoting in turn Clayton v. State, 669 So. 2d 220, 222 (Ala. Crim. App. 1995)). "[A]lthough the State does not have to prove every element of the alleged new offense with nonhearsay evidence, the State must present sufficient nonhearsay evidence connecting the defendant to the commission of the alleged new offense." Walker v. State, 294 So. 3d 825, 832 (Ala. Crim. App. 2019) (footnote omitted).

Again, the circuit court did not hear from a single witness during the proceeding, and "[i]t is well settled that the unsworn arguments and assertions of counsel are not evidence." State v. R.C., 195 So. 3d 317, 322 (Ala. Crim. App. 2015). In its brief on appeal, the State offers two items that it argues constituted sufficient nonhearsay evidence to connect Ruffin to the allegation of first-degree domestic violence. First, the State relies on Off. Spear's statement to the Court that he had personally observed the victim's injuries. This statement was, however, unsworn, and, even if Off. Spear had made it under oath, the statement still would

not have connected Ruffin to the offense. This is so because, "[a]lthough [Off. Spear] testified that he had seen the victim's injuries, no nonhearsay evidence was presented indicating that [Ruffin] caused those particular injuries." Weatherford v. State, 251 So. 3d 70, 74 (Ala. Crim. App. 2017). Second, the State turns to the district court's finding of probable cause in a preliminary hearing in the criminal case underlying the alleged probation violation. This Court rejected a similar argument in Williams v. State, 648 So. 3d 453 (Ala. Crim. App. 2021):

> "Although the circuit court took judicial notice of the district court's having bound Williams's murder charge over to the grand jury as evidence that Williams had committed that offense, we recognize that, unlike a decision to revoke probation, a court may find probable cause at a preliminary hearing based solely on hearsay. See Rule 5.3(c), Ala. R. Crim. P. ('The findings by the court shall be based on substantial evidence, which may be hearsay, in whole or in part.'). See also Sturdivant v. State, 24 So. 3d 1173 (Ala. Crim. App. 2009) ('A grand jury may indict on hearsay testimony alone.'). Thus, without more, evidence of a mere finding of probable cause does not constitute sufficient nonhearsay evidence to support the revocation of probation."

348 So. 3d at 455.

To the extent that the State presented any evidence, it was pure hearsay.

Accordingly, this Court reverses the circuit court's order revoking Ruffin's probation and remands the case for the circuit court to hold a probation-revocation hearing that complies with Rule 27.6, Ala. R. Crim. P., unless Ruffin validly waives his right to a revocation hearing.

REVERSED AND REMANDED.

Kellum, McCool, Cole, and Minor, JJ., concur.